Nott, J.
I do not think that either of the grounds, taken in this case, will authorize the court to grant the plaintiff a new trial. It has always been the practice in this State, to permit testimony, taken de bene esse on commission, to be read, on affidavit being made that the witness was unable to attend in person, by reason of indisposi. tion. Indeed, it is the only regular method to prove a collateral point like this. The plaintiff had an opportunity, and actually did cross-examine the witness; and, therefore, no injustice has been done him.
*253 With regard to the second ground, it does not appear to me, that the witness, M’Kie, had such an interest as should deprive the defendant of his evidence. Suppose, for the sake of argument, that M’Kie was at one time the real owner of the land, or joint owner with Hopkins ; the legal estate was never in him, but the title always remained in Hopkins, which was well known to the purchaser, at the time he bought the land. It is to be presumed, that by taking titles from Hopkins, he intended to exonerate M’Kie, and that was the legal effect of the transaction. We must presume that it formed a part of the agreement, that he should be satisfied with that title, and did not expect the double security of an express warranty from Hopkins, and an implied one from M’Kie. It is said, that in equity he would be required to refund the money. But we have no evidence from which any such conclusion can be drawn. He may, or he may not, be liable in equity. But that does not .afford a ground to reject his testimony : an interest to render a witness incompetent, must be direct and certain. In this case, his liability is, at most, conjectural.
With regard to the third ground, there was evidence on both :sides, and 'it belonged to the jury to say on which it preponderated : and I am of opinion that the weight of evidence was on the side of the defendant. The motion, therefore, ought to be discharged.
Grimke, Coicock, and Brevard, Js., concurred.
Bay, J.
Upon the first ground stated in the brief, I am of opinion, from a fair construction of the act of 1787, for the examination of witnesses, that the presiding judge was regular in permitting an affidavit to be read, proving the indisposition of the witness, who had been examined de lene esse. It is the usual and ordinary manner, in which any colateral fact in the course of a cause, is generally established to the satisfaction of the court.
By the common law, independent of the act, the court has a power to examine witnesses de lene esse. The meaning of which is, that such examination should be read on the trial, if such witnesses should die, or leave the State, before trial, of be unable to attend, by sickness or accident. All which circumstances must be made out on affidavits, to the satisfaction of the court, before the deposition can be read. But if none of the intervening casualties are made out, their personal attendance cannot be dispensed with. It is laid down in 1 Cromp, 225, and, indeed, in all the books of practice, that if a witness be going abroad, or beyond seas, he may be examined by rule of court, and his deposition shall be read ; but if the trial comes on before he goes, he must appear. Salk. 691. *254 ^Pon ^*s po'nf:> therefore, there does not appear to me to be any ground for a new trial; the declaration being agreeably.to the spirit of the act, and the rules of law.
But uPon the second ground, taken in the brief, I think M’Kie was an interested witness, so far as to exclude him, or his deposition from being read on the trial; as it wont to support a title he was bound to defend : for he was the seller to the party from whom defendant claimed, and, as such, bound, in case of failure of title, to refund the money to the buyer. It does not appear to me to be such a remote kind of interest, as would go to his credibility only, but not to his competency, for immediately upon the title being found against the defendant, he would become liable to refund the consideration money he had received. 2 Black. Com. 451. I think, therefore, that on this second ground there should be a new trial.